Labatjve, J.
This is an action brought by the plaintiff to recover of defendant forty-five bales of cotton, averaging 100 pounds to the bale, or in lieu thereof, its value, ten thousand dollars, ($10,000) with legal interest for this, to-wit: that he placed in the hands of Ashford Addison two Confederate States treasury bonds for the sum of $1,000 each, and bearing eight per cent, interest; and also the sum of $1,795 in Confederate States treasury notes, which notes, at that time and long since, were a circulating medium of the country, which, by the request and agreement of the said Addison, were to be by him invested for the use and benefit of your petitioner, in cotton at thirty cents per pound in the lint, and delivered to your petitioner in good marketable order. Also, said Addison received from your petitioner, bagging, rope, twine and baling needles, to the amount in the aggregate of $1,217 10; also, received from petitioner one barrel flour, at $30, and one pair boots at $25; and also the further sum of $300 in cash, which said Addison promised to invest for petitioner in cotton at thirty cents per pound, which would make in the aggregate, forty-five bales averagine 100 pounds each.
This demand is met by the defendant with a general denial. He admits that plaintiff deposited with him two Confederate States treasury bonds of the denomination of $1,000 each, for investment in cotton, *296 He denies that he ever invested in cotton the Confederate States treasury notes which the plaintiff deposited with him; admits that plaintiff furnished him with one barrel of flour and a pair of boots, but avers that he was only to chai-ge the flour at $12, and that the boots were a gift in consideratign of services rendered by him to plaintiff; admits that he received from plaintiff, as his agent and friend, some bagging and rope; but denies that it was worth the price charged in plaintiff’s account. Defendant then assumes the character of reconvenor, and alleges that the plaintiff is indebted to him in the sum of $1,310 50, which reconventional demand was dismissed on his own motion.
Defendant also filed, to-wit, on the 5th day of November, 1867, what he termed his peremptory exception, founded in law, as a perpetual bar to plaintiff’s action, to-wit: “That all of the matters and claims set out in plaintiff’s petition, arose out of blockade-running transactions, in violation of the positive law prohibiting all commercial intercourse between citizens of the United States and the so-called Confederate States, said plaintiff having been a citizen of the United States at the date of the account sued upon, and the defendant, a citizen of the Confederate States, and said plaintiff, a blockade-runner.”
This case was submitted to a jury, who found a verdict for defendant, and rejected plaintiff’s demand; and a motion for a new trial having been overruled, the Court gave judgment accordingly, and the plaintiff appealed.
Under Art. 2956, Civil Code, reading thus:
“ The object of the mandate must be lawful, and the power conferred must be one which the principal himself has a right to exercise,” we are satisfied that we cannot entertain the plaintiff’s action to compel the defendant to render an account of his agency, in buying cotton for the plaintiff with Confederate papers, as described in the petition; the object of this agency was unlawful and against the policy of the government, in giving currency and circulation to such papers which were issued to overthrow this government.
On the face of the petition, the action is founded upon this agency, and we cannot compel the defendant to account to his principal without giving effect to and recognizing this agency. That branch of the case is dismissed.
As to the account sued upon, composed of ropes, bagging, twine, baling needles, cash, flour and boots, amounting to $1,602 40, we see no illegality in that transaction; both parties resided outside of the Federal lines, and could act together;- but, on examining the testimony, we believe that plaintiff failed to make out a clear case, and that justice requires the remanding of that branch of the demand, to be tried according to'law.
, It is therefore ordered and decreed that the judgment be reversed, as regards the said account of $1,602 40, and that as amended, it be affirmed. It-is further adjudged that the said claim, founded on the account for $1,602 40, be remanded for a new trial, and that defendant pay costs of